**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-7410**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

ALEJANDRO REYES,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:03-cr-00195-JRS-3)

_____

Submitted: December 21, 2009     Decided: January 15, 2010

_____

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Alejandro Reyes, Appellant Pro Se. Norval George Metcalf, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Reyes appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence, construed as a motion for reconsideration of the district court's denial of Reyes' previously filed § 3582(c)(2) motions. Reyes sought relief under Amendment 706 of the U.S. Sentencing Guidelines Manual ("USSG"), which lowered the base offense levels for drug offenses involving cocaine base. See USSG § 2D1.1(c) (2007 & Supp. 2008); USSG App. C Amend. 706. The district court concluded that Reyes was not entitled to the benefit of Amendment 706 because he was sentenced as a career offender. Our review of the record reveals that, although Reyes qualified as a career offender, USSG § 4B1.1 (2002), he was not sentenced based on this status. Nevertheless, for reasons that follow, we conclude that the Amendment would not have the effect of lowering Reyes' guideline range. We accordingly affirm. See United States v. Smith, 395 F.3d 516, 519 (4th Cir. 2005) (holding we "may affirm on any grounds apparent from the record").

Under § 3582(c)(2), the district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued

2

by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also USSG § 1B1.10, p.s. "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under . . . § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B), p.s. Amendment 706, the 2007 amendment to USSG § 2D1.1 that lowered the base offense levels for most offenses involving crack cocaine, applies retroactively. USSG § 1B1.10(c), p.s.

Reyes was held responsible for 13.58 kilograms of heroin and 28 kilograms of cocaine hydrochloride, which translated into a marijuana equivalency of 19,180 kilograms and resulted in a base offense level of 36. With adjustments, his total offense level was 38. Although Reyes correctly states he was sentenced under USSG § 2D1.1, his base offense level was not based on the quantity of cocaine base for which he was held accountable, but rather on the amount of the other controlled substances for which he was held accountable, namely heroin and cocaine hydrochloride. Simply stated, Reyes' sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Had Reyes been sentenced after Amendment 706 went into effect, Reyes' total offense level would remain 38, the career offender enhancement would not apply, and

3

his guideline range would remain the same. <u>See</u> USSG §§ 2D1.1(D)(ii)(II), 4B1.1(b). Therefore, Amendment 706 does not have the effect of lowering Reyes' guideline range, and Reyes was not entitled to a sentence reduction.

Because Reyes was ineligible for a sentence reduction under § 3582(c)(2), we affirm the district court's denial of relief on this alternate ground. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>